IN T HE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

EURAL BLACK,

   Petitioner,

v.            Case No. 5:23-cv-00014

WARDEN KATINA HECKARD,

   Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Eural Black's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).   This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1), and this civil action, for lack of jurisdiction.

**PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM**

**A.**  **Petitioner's conviction and prior post-conviction filings.**

Petitioner, a former Chicago police officer, was named in eight counts of a second superseding indictment filed in the United States District Court for the Northern District of Illinois ("the Illinois District Court") charging the following offenses:

Count One: Racketeering in violation of 18 U.S.C. § 1962(d);

Count Two:   Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2;

Count Three:   Conspiracy to Commit Robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2 [also known as "Hobbs Act Robbery"];

Count Four:   Possession of a Firearm During a Drug Trafficking Offense and Crime of Violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2;

Count Five:   Attempted Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2;

Count Six:   Attempted Robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2;

Count Seven:   Possession of a Firearm, and Using, Carrying, and Brandishing a Firearm, During a Drug Trafficking Offense and Crime of Violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and

Count Thirteen:   Possession of Marijuana in violation of 21 U.S.C. § 844.

(ECF No. 12, Ex. 1).   The second superseding indictment charged Counts One, Two, and Three as the predicate offenses for Count Four, and Counts Five and Six as the predicate offenses for Count Seven.   (*Id.* at 17, 20).   These crimes stemmed from an agreement between Defendant and several co-conspirators to rob and extort drugs and money from drug dealers by abusing their authority as police officers.

Following a jury trial, Petitioner was found guilty on all eight counts against him in the second superseding indictment.   (ECF No. 12, Ex. 2 at 13, Jury Verdict, Docket No. 373).   A month later, Petitioner filed a motion for a new trial in which he argued that the court erred during the jury selection process; that the government failed to prove all the necessary elements of the charges beyond a reasonable doubt; that the court erred in denying his motion for a judgment of acquittal before he presented his case at trial; that the jury's verdict was against the weight the evidence; and that he was denied due process

2

of law.  (ECF No. 12, Ex. 3).  The sentencing judge orally denied that motion without explanation at Petitioner's sentencing on January 3, 2008.  (*Id.*, Ex. 4 at 32:21-25).

At sentencing, Petitioner's guideline level was determined to be 40, with a criminal history category of I, resulting in a guideline range of 292-365 months of imprisonment. Nevertheless, Petitioner faced a mandatory minimum sentence of ten years of imprisonment based on the grouped drug counts, as well as mandatory five- and twenty-five-year sentences for his two convictions under 18 U.S.C. § 924(c).  (*Id.* at 23:20–24:1). Ultimately, Petitioner was sentenced to forty years in prison, followed by a five-year term of supervised release.  (ECF No. 12, Ex. 5).  During the hearing, the court noted that "the mandatory minimum sentences in this case frankly leave [the court] no alternative." (*Id.*, Ex. 4 at 30:11-21).

Petitioner retained new counsel and filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit on February 15, 2008.  (ECF No. 12, Ex. 2 at 16, Doc. 507).  His appeal presented two issues:  (1) "[w]hether the defendants' conspiracy convictions should be reversed because of the prejudice suffered where they were merely individual 'spokes' in a rimless 'hub' conspiracy," and (2) "[w]hether [Petitioner]'s twenty-five year consecutive 18 U.S.C. § 924(c) sentence should be vacated where the government's evidence failed to disclose any nexus between [Petitioner]'s weapon and the attempted July 21, 2004 drug-theft."  (ECF No. 12, Ex. 6).  The appellate court recharacterized Petitioner's first claim on direct appeal as a "fatal variance" argument—a challenge to the sufficiency of the evidence where "the facts proved at trial differ from those alleged in the indictment"—and reviewed it under a plain error standard as Petitioner did not raise the claim before the district court.  (ECF No. 12, Ex. 7 at 14–15).

The appellate court concluded that the government's evidence supported the finding that all the coconspirators "were acting in furtherance of a single, illegal purpose." (*Id.* at 21).   The court further held that "a reasonable jury could have found that [Petitioner] carried his police handgun in order to make it appear that he was a legitimate cop performing legitimate police work."   (*Id.* at 26) (noting that "[a]t the least, a reasonable jury could have found that the gun provided [Petitioner] with a sense of security, something that would come in handy when one is attempting to rip off a drug dealer").   Thus, the court found that "evidence was sufficient to establish the required nexus between Black's weapon and the July 21 attempted ripoff."   (*Id.*)   The court further found that the two § 924(c) counts were not duplicitous by charging Defendant with using and carrying a firearm during and in relation to a drug trafficking crime or a crime of violence.   (*Id.* at 26-29).   Thus, the Seventh Circuit affirmed the lower court's judgment on September 17, 2009.   (*Id.* at 48).   Petitioner's petition for writ of certiorari was denied by the Supreme Court on November 29, 2010.   (ECF No. 12, Ex. 8).

On March 4, 2011, Petitioner filed his first motion under 28 U.S.C. § 2255, asserting numerous claims of ineffective assistance of counsel at trial.   (ECF No. 12, Ex. 9) ("First § 2255 Motion").   *Black v. United States*, No. 11-cv-1554 (N.D. Ill., Mar. 4, 2011).   That motion was denied on December 6, 2011.   (ECF No. 12, Ex. 12).

On May 30, 2018, Petitioner filed his first Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this United States District Court, due to his incarceration at FCI Beckley.   *Black v. Young*, No. 5:18-cv-00971 (S.D.W. Va. May 30, 2018).   (ECF No. 12, Ex. 13).   In that petition, Petitioner asserted that both of his § 924(c) convictions should be vacated based upon an intervening change in the law, relying on the Seventh Circuit's

4

decisions in *United States v. Cureton*, 739 F.3d 1032 (7th Cir. 2014) and *United States v. Cardena*, 842 F.3d 959, 995-96 (7th Cir. 2016).   Using the Fourth Circuit's tests set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000) and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), Petitioner attempted to rely on the savings clause contained in 28 U.S.C. § 2255(e) to raise this claim under § 2241, asserting that § 2255 was "inadequate or ineffective to test the legality of his detention."   (ECF No. 12, Ex. 13 at 17-38).   Ultimately, United States District Judge Irene C. Berger ruled, based upon the Supreme Court's intervening decision in *United States v. Davis*, 588 U.S. 445 (2019), which determined that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, that it was appropriate to transfer Petitioner's petition to the Seventh Circuit for consideration as a motion requesting authorization to file a second or successive § 2255 motion.   (ECF No. 12, Ex. 13 at 11-12).

Upon that transfer, the Seventh Circuit granted Petitioner leave to file a second or successive § 2255 motion, but only as to his argument challenging the basis of his § 924(c) conviction under Count Four.   *Black v. United States*, No. 19-2543 (7th Cir. Aug, 27, 2019).   (ECF No. 12, Ex. 14)   Defendant's second § 2255 motion was filed in the Illinois District Court on August 27, 2019.   *United States v. Black*, No. 1:19-cv-06465 (N.D. Ill. Aug. 27, 2019).   (ECF No. 12, Ex. 15).   Petitioner argued, based upon *Davis*, that the residual clause in 18 U.S.C. § 924(c)(3)(B) could not be used, and that Hobbs Act robbery is not categorically a crime of violence under the force clause of § 924(c)(3)(A) and, therefore, Hobbs Act robbery could not serve as a predicate offense for the § 924(c) offense in Count Four.   (ECF No. 12, Ex. 15 at 4-5).   He further asserted that his conviction on Count Four was invalid because the jury was not instructed about, and did

not specify, whether the conviction was based upon a controlled substance predicate offense or a crime of violence, or both. (*Id*. at 5-6). Agreeing with the government, the Illinois District Court found, under a harmless error analysis, that "the conspiracies set forth in Counts Two and Three are overlapping and coextensive[,]" "the evidence supporting conviction in each was the same[,]" "the jury would have arrived at the same verdict . . . and that the Hobbs Act conspiracy theory and instruction did not have a 'substantial and injurious effect or influence' on the jury's § 924(c) verdict as to Count Four." (ECF No. 12, Ex. 17 at 7-8). Thus, the Illinois District Court denied Petitioner's second and successive § 2255 motion on March 25, 2020. (*Id*. at 8). The Seventh Circuit denied a certificate of appealability concerning that decision. (ECF No. 12, Ex. 18).

On November 1, 2022, Petitioner again sought leave from the Seventh Circuit to file a third § 2255 motion based upon the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), in which the Court found that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under the elements clause of § 924(c) and, therefore, it cannot serve as a predicate crime for a § 924(c) offense. (ECF No. 12, Ex. 19). However, the Seventh Circuit found that Petitioner's claim did not meet the criteria for a successive § 2255 motion because it was not based upon new evidence or a retroactive rule of constitutional law – rather, it was based upon an intervening change in statutory interpretation. (ECF No. 12, Ex. 20 at 3). Thus, it denied Petitioner's application. (*Id*.) Petitioner's motion for reconsideration of that decision was also denied. (ECF No. 12, Exs. 21, 22).

**B.      The instant § 2241 petition.**

On January 9, 2023, Petitioner filed the instant § 2241 petition (ECF No. 1) and memorandum in support (ECF No. 2), again asserting that his attempted Hobbs Act robbery offense (Count Six) is not a crime of violence that can support his second § 924(c) conviction (Count Seven) after *Taylor*.    He attempts to bring that challenge in the instant § 2241 petition under the savings clause of § 2255(e).

On May 15, 2023, as ordered by the court, Respondent responded to Petitioner's § 2241 petition, asserting that he cannot satisfy the criteria in *In re Jones*, *supra*, to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, in order to use the savings clause for review of his claim.    (ECF No. 12 at 12-18). Petitioner did not file a reply brief; however, he sought a stay of these proceedings pending the Supreme Court's decision in *Jones v. Hendrix*, No. 21-0857.

On August 23, 2023, Respondent filed a Motion for Leave to File Supplemental Authority (ECF No, 14), asserting that the United States Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), decided after briefing herein was completed, is binding authority that prohibits a prisoner asserting an intervening change in interpretation of a criminal statute to use the savings clause in 28 U.S.C. § 2255(e) to circumvent the restrictions for filing a second or successive § 2255 motion.    (ECF No. 14 at 1).    On November 7, 2023, the undersigned granted Respondent's motion to file supplemental authority.    (ECF No. 15).    This matter is ripe for resolution.

## ANALYSIS

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction.    28 U.S.C. § 2241, on the

other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which made significant reforms to the federal post-conviction review process for both state and federal prisoners. As relevant here, AEDPA restricted the filing of second or successive § 2255 motions to those motions that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 US.C. § 2255(h).

Petitioner's claim in the instant petition challenges the validity of his second § 924(c) conviction, not the execution of his sentence. Such a claim would be appropriately brought in a § 2255 motion. However, Petitioner previously filed an unsuccessful § 2255 motion. Thus, he is procedurally barred from filing another § 2255 motion unless he demonstrate that his claims are based upon "newly discovered evidence," or "a new rule of constitutional law." *See* 28 §§ 2255(h)(1) and (2). However, another AEDPA provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).    This section is known as the "savings clause" and permits a prisoner to seek relief under § 2241 instead of § 2255.

Accordingly, for Petitioner to pursue relief under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.    *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").    The mere fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention.    *Id.* at 332.    Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241.

Courts have struggled with ascertaining when § 2255 is "inadequate or ineffective," resulting in a split of authority among the federal circuit courts.    However, on June 22, 2023, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465, 471 (2023), which held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."    The Court emphasized that "[t]he inability of a prisoner with a statutory claim to satisfy [the conditions of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause.    It means that he cannot bring it at all."    *Id.* at 480.

As noted above, the decision in *Taylor* is a change in statutory interpretation. Thus, it will not permit Petitioner to meet the savings clause criteria and this court lacks jurisdiction to consider his *Taylor* claim under § 2241.    *Id.* at *4-5; C*ovington v.*

*Andrews*, No. 22-7118, 2023 WL 4701179 (4th Cir. July 24, 2023) (affirming dismissal of § 2241 petition mounting successive collateral attack grounded in change of statutory interpretation for lack of jurisdiction); *Hall v. Hudgins*, No. 22-6208, 2023 WL 4363658 (4th Cir. July 6, 2023) (same).    Thus, this court lacks jurisdiction to consider Petitioner's claim in the instant § 2241 petition.    The Fourth Circuit has instructed that such petitions should be dismissed without prejudice.  *See Clark v. Lieu*, No. 22-6846, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023) quoting *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (recognizing that dismissal based on "defect in subject matter jurisdiction . . . must be one without prejudice.")    Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the criteria of 28 U.S.C. § 2255(e) to have the present petition considered by this federal court under § 2241 and the proper resolution is to dismiss the instant petition without prejudice.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 1), and this civil action, for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge.    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this

Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on the opposing party and Chief Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

May 19, 2024

Dwane L. Tinsley
United States Magistrate Judge